UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE P.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | Case No. 2:20-cv-00481-PD <br><br> **MEMORANDUM OPINION AND ORDER** |

Plaintiff challenges the Commissioner's denial of her applications for Disability Insurance Benefits and supplemental security income. For the reasons stated below, the decision of the Commissioner is affirmed.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## I. PROCEEDINGS BELOW

On March 24 and March 31, 2016, Plaintiff protectively filed applications for supplemental security income and period of disability and disability insurance benefits, alleging an inability to work since March 1, 2008. [Administrative Record ("AR") 15, 200-211.][2] Her claim was denied in June 2016 and upon reconsideration in November 2016. [AR 127-145.] Plaintiff requested a hearing, which was held on September 26, 2018, before an Administrative Law Judge ("ALJ"). On January 9, 2019, the ALJ issued a decision finding Plaintiff not disabled. [AR 15-25, 32-69, 146-147.] The ALJ found that Plaintiff suffered from medically determinable impairments, did not possess the residual functional capacity ("RFC") to perform the demands of past relevant work as a home attendant, but was capable of successfully adjusting to other work that exists in significant numbers in the national economy. [AR 18, 24-25.][3]

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 20, 2016, the amended alleged onset date. [AR 18, ¶ 2.] At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and chronic pain syndrome. [AR 18, ¶ 3.] The ALJ found that these impairments significantly limit the ability to perform basic work activities. [*Id.*] At step three, the ALJ found that Plaintiff did "not have an impairment or combination of

---

[2] The Administrative Record is CM/ECF Docket Numbers 18-3 through 18-11.
[3] After Plaintiff subsequently amended her onset date to March 20, 2016, her claim no longer met the insured requirement for her disability insurance benefits application, which ended on September 30, 2009. Consequently, the ALJ dismissed the claim for disability insurance benefits. [*See* AR 15, 18.]

impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [AR 20, ¶ 4.]

Before proceeding to step four, the ALJ found that Plaintiff had the RFC to perform the demands of "light work" with noted exceptions. The ALJ included the following in the RFC assessment:

> "[T]he claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b), specifically as follows: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours out of an 8-hour workday with regular breaks; sit for 6 hours out of an 8-hour workday with regular breaks; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; must avoid hazards, such as moving mechanical parts and unprotected heights; is limited to the performance of simple repetitive tasks; and occasionally interact with supervisors, coworkers, and the public, and in a low stress work setting, defined as requiring no assembly-line work or strictly-enforced daily production quotas, and few changes in a routine work setting."

[AR 20, ¶ 5.]

At step four, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was not capable of performing past relevant work as a home attendant. [AR 24, ¶ 6.]

At step five, the ALJ relied upon the vocational expert's testimony and found that Plaintiff could perform as an office helper, housecleaner, or sales attendant – all jobs that existed in significant numbers in the national economy. [AR 24-25, ¶ 10.] Accordingly, the ALJ found that Plaintiff had not been under a disability since March 20, 2016. [AR 25, ¶ 11.]

## II. DISPUTED ISSUES

Whether the ALJ committed legal error in rejecting Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms.

Whether the ALJ committed legal error in finding that Plaintiff's RCF permitted her to perform as an office helper, housecleaner, and sales attendant.

### III.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). An ALJ's assessment of a claimant's RFC must be affirmed if the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. "Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld." *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and internal quotation marks omitted). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.* (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

In this Circuit, "harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded by regulation on other grounds as stated in Sisk v. Saul*, 820

Fed.Appx. 604, 606 (9th Cir. 2020); *see also Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless where it is "inconsequential to the ultimate nondisability determination."). "[I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina*, 674 F.3d at 1115.

## IV.  DISCUSSION
### A.  Plaintiff's Subjective Symptoms and Functional Limitations
#### 1.  Plaintiff's Allegations

In her Function Report dated May 2016, Plaintiff wrote that she could not stand for a long time, needed to rest after walking one block, and had a learning disability. She also stated that she had no problems performing personal care tasks; makes meals with her husband's help; completes basic chores; and goes to movies, parks, and the beach one or twice a month. [AR 265-270.] In May 2016, Plaintiff's aunt completed a Third Party Function Report about her views of Plaintiff's condition, including Plaintiff's ability to engage in daily activities such as preparing meals, doing housework, and carry on hobbies and interests. The report closely aligns with Plaintiff's own statements. [AR 253-260.]

At the hearing in September 2018, Plaintiff testified that she suffers from constant lower back pain which extends down her legs, and that this pain along with chronic pain syndrome and anxiety had prevented her from trying to find work. [AR 42-43.] She testified that her pain level at the hearing was 10, with 10 being the most painful, and that her daily average pain level was 8 to 10. [AR 52.] Plaintiff also testified that she can sit for 20-25 minutes, walk without a break for 3 minutes, and stand for 10 minutes before needing to sit. Plaintiff is able to grocery shop using a motorized scooter but requires her husband to carry the heavier items. She makes

meals for the family but receives help from her children and husband at times. [AR 43, 52-53, 55-56.]

Plaintiff stated that she takes prescription medication for the depression and has received cortisone shots for the pain. [AR 48, 59.] Her counsel added that she has sleep apnea which affects her ability to work. [AR 38.]

### 2. ALJ's Determination of RFC

In assessing the Plaintiff's RFC, the ALJ considered the functional reports completed by Plaintiff and her aunt, Plaintiff's testimony, and various medical opinions. [AR 20-23.] The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms inconsistent with and not substantiated by the medical evidence in the record. [AR 21.] Specifically, the medical records corroborate that Plaintiff has lower back problems and chronic pain syndrome; however, physical examinations revealed no acute distress, no focal neurological deficits, 5/5 muscle strength, good range of motion, and some bilateral lower extremity edema. [AR 22.] Examinations from 2017 and 2018 reveal similar findings. The ALJ also noted that these later examinations revealed new observations of tenderness to palpation of the lumbar spine, and that a September 2018 MRI revealed a moderate disc bulge at L4-L5 with mild stenosis and mild disc bulge at L5-S1 with no stenosis. [*Id.*]

In reaching the conclusion, ALJ noted that while Plaintiff alleged her average pain level to be between 8 and 10, regular examinations revealed no acute distress. Finally, the ALJ found Plaintiff's statement that her back pain had worsened in September 2016 to be inconsistent with the absence of medical progress notes during that period with the nearest notation occurring in January 2017. [*Id.*]

The ALJ gave great weight to the State's agency medical consultants, who determined the Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk for 6 hours in an 8-hour workday; frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and occasionally climb ladders, ropes, or scaffolds. [*Id.*]

The ALJ some weight to the consultative evaluation by Seung Ha Lim, M.D., from October 2016. [AR 22-23.] In particular, the ALJ highlighted Dr. Lim's notes indicating Plaintiff's normal range of back motion, full range of motion of the lower extremities, normal gait and balance, and normal muscle tone without sign of atrophy. [AR 23.] The ALJ noted Dr. Lim's opinion that Plaintiff could lift/carry 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk for 6 hours in an 8-hour workday; and frequently climb, crouch, and stoop. [AR 22.]

The ALJ gave little weight to the opinion of Plaintiff's treating physician, Stephanie White, M.D. ("Dr. White"). [AR 23.] Dr. White's opinion from May 2018 concluded that Plaintiff was restricted to sedentary exertional work. The ALJ determined that this was inconsistent with other opinion evidence and internally inconsistent with Dr. White's examination results which "routinely show mild objective findings, such as tenderness to palpation along with the lumbar paraspinal area and pain with facet loading." [*Id.*] The ALJ noted that Dr. White had indicated that these findings were benign. [*Id.*]

The ALJ also gave little weight to the opinion of Plaintiff's aunt in the Third Party Function Report. The ALJ concluded that the aunt's opinion restated the limitations to which Plaintiff had testified and which the ALJ had already found inconsistent with the overall evidence in the record. [*Id.*] Additionally, the aunt's opinion inconsistently noted that Plaintiff could engage in certain daily activities as preparing meals and going to the movies.

7

Finally, the ALJ found that the aunt's opinion was not supported by clinical or diagnostic medical evidence, including evidence suggesting no focal neurological deficits affecting the lower extremities. [*Id.*]

In sum, the ALJ granted the greatest weight to the state consultants while discounting Plaintiff's testimony.

### 3. Relevant Law

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina*, 674 F.3d at 1112 (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (citation and internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of symptoms. *Id.*

"General findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Instead, the ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). The ALJ may consider a variety of factors in analyzing the trustworthiness and utilize "ordinary techniques of credibility assessment," such as inconsistencies in the claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted). However, an ALJ "may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Social Security Ruling ("SSR") 16-3p governs the evaluation of subjective symptoms and instructs the ALJ to "consider all of the evidence in

8

an individual's record," "to determine how symptoms limit ability to perform work-related activities." 2017 WL 5180304 at *2 (Oct. 25, 2017). SSR 16-3p "makes clear what [Ninth Circuit] precedent already required." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017).

Objective medical evidence and inconsistencies in the claimant's testimony together can be sufficient grounds for questioning a claimant's testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting ALJ can consider objective medical evidence in determining credibility of claimant); *Light v. SSA*, 119 F.3d 789, 792 (9th Cir. 1997) (ALJ may consider "inconsistencies either in [plaintiff's] testimony or between his testimony and his conduct").

### 4. Analysis

Plaintiff contends that the ALJ failed to sufficiently articulate the specific rationale for discounting her testimony. The Court disagrees.

In discounting Plaintiff's testimony, the ALJ concluded: (1) the subjective pain and limitation testimony was not entirely supported by the objective medical evidence; (2) Plaintiff's statements about experiencing a pain level of 8 to 10 were inconsistent with examinations indicating that she was not in acute distress; and (3) Plaintiff's statement that her back pain worsened in September 2016 was contradicted by evidence which shows the closest medical progress notes to have occurred in January 2017. [AR 21-22.] Contrary to Plaintiff's contention, these reasons point to specific portions of the record.

Plaintiff does not contest any of the three grounds which formed the basis for the ALJ's credibility determination. In addition to the objective medical evidence not corroborating Plaintiff's statements, the other two grounds provide specific, clear and convincing reasons for discounting Plaintiff's subjective testimony. An inconsistency in the claimed pain level

with examinations revealing no acute distress is a clear and convincing reason to reject testimony. *See Durose v. Saul*, 2021 WL 531301, at *1 (9th Cir. 2021) (substantial evidence included testimony of pain level as a 9 out of 10 contradicted by treatment notes which reveal no acute distress). Likewise, the failure to seek treatment consistent with the complained of pain provides a sufficiently clear and convincing ground. *Burch*, 400 F.3d at 681 (failure to seek treatment for back pain during three to four month period was "powerful evidence"); *Thompson v. Astrue*, 458 Fed.Appx. 632, 634 (9th Cir. 2011).

Instead, Plaintiff argues that the ALJ committed error by focusing on statements of her sporadic daily activities as inconsistent with her symptom testimony. Critically, the ALJ did not expressly state that it was discounting *Plaintiff's* testimony because it was inconsistent with her description of daily activities. Instead, in a later section describing Plaintiff's aunt's report, the ALJ stated that the *aunt's* testimony "inconsistently noted that the claimant was able to perform several activities of daily living." [AR 23.] Thus, despite argument by both Plaintiff and Defendant disputing the sufficiency of the ALJ's statements about Plaintiff's activities, the Court does not recognize this as a ground for upon which the ALJ discounted the subjective symptom testimony.

Moreover, had the ALJ based the adverse credibility determination in part upon Plaintiff's testimony about her daily activities, any error would not have affected the ultimate disability determination. As discussed above, the ALJ sufficiently articulated other rationale in coming to the credibility determination. *Reichley v. Berryhill*, 723 Fed.Appx. 540, 541 n.2 (9th Cir. 2018) (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (misstatements by the ALJ amounted to harmless error where he provided alternative, sufficient rationale). As Plaintiff did not address the other rationale, any challenge on those grounds has been waived. *Greger v.*

*Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

In sum, the ALJ gave clear and convincing reasons, supported by substantial evidence in the record, for discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ's finding of Plaintiff's RFC is affirmed.

**B. The ALJ's Step Five Finding**
   **1. ALJ's Determination of Plaintiff's Ability to Perform Other Work**

At step five, the ALJ found that based on Plaintiff's RFC for light work with certain limitations, she could perform the demands of officer helper, housecleaner, and sales attendant.

Plaintiff argues that these three jobs are inconsistent with her RFC and that the ALJ failed to reconcile the inconsistencies. [Dkt. No. 22 at 15.] First, she contends that the limitation to "simple and repetitive instructions" excludes work as a sale attendant. [Dkt. No. 22 at 15.]. Plaintiff next argues that the limitation of "few changes in a routine work setting" is inconsistent with the work of an office helper because the Dictionary of Occupational Titles ("DOT") requires such an individual to have the temperament to perform a "variety of duties." [*Id.* at 16.] Her final argument is that the limitation of "no work requiring a strictly-enforced daily production quota" is incompatible with the housekeeper. [*Id.* at 17.]

   **2. Relevant Law**

"When there is an apparent conflict between the vocational expert's testimony and the DOT -- for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle -- the ALJ is required to reconcile the inconsistency." *Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017).

An error in identifying jobs that can be performed will be deemed

harmless if the ALJ identified another job or jobs which the plaintiff can perform and for which there are significant numbers in the national economy. *See Gray v. Comm'r of Soc. Sec . Admin.*, 365 Fed.Appx. 60, 63 (9th Cir. 2010) (affirming ALJ's decision where claimant could perform only one of three jobs identified by ALJ but significant number of jobs in national economy for that one job supported ALJ's decision that claimant was not disabled); *see also Lara v. Astrue*, 305 Fed.Appx. 324, 326 (9th Cir. 2008) ("To the extent the [vocational expert] was overly broad and included jobs that [the claimant] could both perform and not perform, any error is harmless so long as the jobs that could be done are enough to support the ALJ's decision.").

### 3. Analysis

Defendant concedes that a job as a sales attendant requires Level Three Reasoning whereas Plaintiff's limitation is consistent with Level Two Reasoning. The conflict was more than apparent; it had already been established by Ninth Circuit precedent. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) (limitation to simple, repetitive tasks is inconsistent with the Level Three Reasoning); *Lara*, 305 Fed.Appx. at 326 (limitation consistent with Level Two reasoning). Because the ALJ was required to resolve the conflict but did not, she erred in determining that Plaintiff could perform as a sales attendant.[4]

However, Plaintiff's argument that the limitation of "few changes in a routine work setting" is inconsistent with an office helper fails because it is based on her own subjective opinion of "variety of duties" and without citation to any authority. As Defendant notes, the inconsistency Plaintiff raises is not with the DOT's definition but another source, The Revised Handbook for

---

[4] Defendant argues that Plaintiff nonetheless cannot succeed on this ground because she has failed to explain why she could not perform the job. Because of the Court's analysis in the remaining two identified jobs, it is not necessary to resolve whether the ALJ's error in this instance was harmless.

12

Analyzing Jobs.[5] The Social Security Regulations require the ALJ to provide an explanation and resolution when the expert's testimony conflicts with the DOT and another publication by the Department of Labor, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles. SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000) However, the ALJ is not required to resolve conflicts between the expert's testimony of a suitable job and requirements which are described by a source not listed in the regulation. *Lewis v. Berryhill*, 708 Fed.Appx. 919, 920 (9th Cir. 2018). In *Lewis*, the Ninth Circuit declined to hold that the regulation required the ALJ to resolve a conflict between the expert's testimony and information provided in The Revised Handbook for Analyzing Jobs.

Similarly, the ALJ was not required to resolve any conflict with the same source. "[N]ot all potential conflicts between an expert's job suitability recommendation and the DOT's listing of maximum requirements for an occupation will be apparent or obvious. [A]n ALJ need only follow up on those that are." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016) (internal quotation marks omitted). Here, Plaintiff fails to explain the conflict beyond providing her own definition and stating in a conclusory fashion that one exists. "Few changes in a routine work setting" has been defined as "work that is generally the same every day, with slowly implemented changes to work routines." *See Ernesto S. S. By Ramirez v. Berryhill*, 2019 WL 285796, at *1 (C.D. Cal. 2019). Even accepting Plaintiff's definition, the requirement of performing a variety of duties is not clearly inconsistent with a limitation to few changes in a routine work setting. *See Kevin E. v. Saul*, 2021 WL 134584,

---

[5] Defined as: "Performing a VARIETY of Duties: Involves frequent changes of tasks involving different aptitudes, technologies, techniques, procedures, working conditions, physical demands, or degrees of attentiveness without loss of efficiency or composure. The involvement of the worker in two or more work fields may be a clue that this temperament is required." The Revised Handbook for Analyzing Jobs, (1991), p. 10-2.4.

13

at * 5 (C.D. Cal 2021) ("[A]s numerous courts in this Circuit have concluded, the requirements of the office helper job are consistent with a limitation to *simple, routine, repetitive tasks*, notwithstanding the job's requirement of switching between a variety of tasks." (emphasis added)).

Importantly, Plaintiff's counsel had an opportunity to cross-examine the vocational expert, who provided the basis for the ALJ's finding. Counsel did not raise any perceived inconsistencies at the time. *See Solorzano v. Astrue*, 2012 WL 84527, at *6 (C.D. Cal. 2012) ("[Counsel] have an obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed."). The ALJ was therefore entitled to rely on the vocational expert's testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that vocational expert's recognized expertise provides necessary foundation for testimony).

Similarly, Plaintiff's argument that work as a housecleaner requires strictly-enforced daily production quotas is based wholly on Plaintiff's own subjective opinion and fails to cite support which shows otherwise.

Because substantial evidence supports the ALJ's finding that Plaintiff can perform the work of office helper and housecleaner, for which a significant number of jobs exist in the national economy, the error in identifying sales attendant as a suitable job swas harmless.

## IV. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner and dismissing this case with prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: February 23, 2021

*Patricia Donahue*
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

# NOTICE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**